GRB:BSK
F.# 2004R02631

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

05-0091M

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

FREDERICK AMERSON,

            Defendant.

- - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
ARREST WARRANT

(Title 18, U.S.C., §§ 1951(a), 2 and 3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

      JAMES MCCARTHY, being duly sworn, deposes and says:

      In or about and between October 2003 and December 18, 2004, within the Eastern District of New York, the defendant FREDERICK AMERSON did knowingly and intentionally obstruct, delay and affect commerce and the movement of any article and commodity in commerce by robbery and conspire to do so and committed physical violence against a person in furtherance of that plan.

      (Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

      The source of my information and the grounds for my belief are set forth below.[1]

---

[1] The facts set forth in this Complaint are based, in part, on my personal observations and experience, conversations with law enforcement officers and my review of documents and records pertinent to this case. Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest the defendants, I have not described all of the

1.  I am currently a Special Agent with the FBI and have been so employed for approximately fourteen years. I am currently assigned to the Long Island Resident Agent's Office, Violent Crimes Squad. I am one of the agents responsible for an investigation into a series of robberies which have taken place in Long Island, including Nassau and Suffolk Counties, Westchester County, Connecticut and Pennsylvania. As described below, all of the robberies were armed robberies and in many of the robberies, the female victims were sexually assaulted.

**Bullwinkle's Robbery**

2.  On February 6, 2004, Bullwinkle's, a card store located at 723 Route 25, Huntington Station, New York, was robbed. Bullwinkle's sells, among other things, cards produced outside of New York State. The robbery took place at approximately 7:30 p.m. Two salespersons were present at this time. The robber entered the store and appeared to be looking at the card displays. The robber then pointed a gun at the female salesperson (Victim #1) and stated, in sum and substance, "give me all of the money." Victim #1 approached the register, at which time, the robber told Victim #1 to stay put and directed the male salesperson (Victim #2) to take the money out of the register. Victim #2 took approximately $450 out of the register and gave it to the robber. The robber

---

relevant facts of which I am aware. Conversations described herein are related in sum and substance.

3

asked if that was it, referring to the money; Victim #2 responded that it was. The robber then directed the two victims to go to the back of the store and get on the ground and the victims complied. The robber told the victims not to call anyone or he would shoot them. The robber then departed.

3. According to Victim #1, the robber was a white male, approximately 6'3" to 6'4" in heights, approximately 35 to 40 years of age, with a dark moustache. On January 13, 2005, Suffolk County detectives showed Victim #1 a photo spread which consisted of six photographs. Victim #1 identified the photograph of defendant FREDERICK AMERSON as the man who had robbed the Bullwinkle's.

4. Video surveillance equipment was operating at Bullwinkle's during the robbery and a photograph of the robber was obtained. The individual in this photograph has a bushy moustache and is wearing a hooded sweatshirt. I have reviewed a copy of this photograph and compared it with a photograph of defendant FREDERICK AMERSON obtained from his parole file. Based on this review, it appears that the man in the surveillance video is the defendant FREDERICK AMERSON.

5. I have spoken with a confidential informant ("CI") who has provided me with substantial information regarding a series of robberies committed by defendant FREDERICK AMERSON. The information provided to me by the CI has proven reliable based upon information received from other witnesses, review of records and

subsequent events. I have corroborated much of the information provided by the CI through my investigation, as detailed below. The CI stated that defendant AMERSON currently is on parole for robbery. I have reviewed defendant AMERSON's criminal history and have spoken with his parole officer and I have confirmed that he is on parole for attempted armed robbery arising from a conviction which occurred in 1997 in New York State. He is also on parole for robbery arising from a conviction which occurred in 1996 in New Jersey relating to the robbery of seventeen separate premises. In connection with the New Jersey conviction, defendant AMERSON confessed to having committed 21 robberies.

6. The CI has informed me that he reviewed a number of surveillance photos from robberies in which defendant AMERSON was a suspect, including the Bullwinkle's robbery. The CI identified defendant AMERSON as being the person in the Bullwinkle's surveillance photograph as well as photograpsh from two other robberies.

**Caliope Clothing Robbery**

7. On March 6, 2004, Caliope Clothing, a store located in Merrick, New York, was robbed by an armed robber carrying a handgun. Caliope Clothing sells clothing produced, among other places, outside of New York. The robber approached two salespersons in the rear parking lot of the store and pointed a gun at them. The robber was described by Victim #3, as a white male,

approximately 6' in height, wearing a tan jacket with a hood and a ski mask or bandana on his face. The robber demanded the store receipts; however, because the store had already been closed for the day, the robber could not enter the store. He then demanded from Victim #3 her engagement ring and any cash she had on her person. A witness to the robbery stated that the robber entered a white minivan described as having a raised roof and a wave design on the rear door.

**The Hallmark Robbery**

8. On April 1, 2004, at approximately 9:00 p.m., a Hallmark card store in Bethlehem, PA was robbed by an armed robber carrying a handgun. The Hallmark card store sells items produced, among other places, outside Pennsylvania. The robber entered the store and pointed a silver revolver at the two female salespersons. The robber told the employees, in sum and substance, "do what I say and no one will get hurt . . . I'll take the money." Victim # 4 handed the robber the money, which totaled $1,531. The robber then forced Victim #4 and Victim #5 toward the back of the store and took two rings from one of the victims. The robber told the victims not to move for ten minutes or he would shoot them through the glass. The victims described the robber as a white male, approximately 5'10" to 6' tall, wearing a dark knit cap, with a pony tail which appeared to be a wig and a goatee. At the time of the robbery, a surveillance camera for a neighboring store

Case 2:05-mj-00091-WDW   Document 1   Filed 01/21/05   Page 6 of 8 PageID #: 6

6

photographed a white minivan with an extended roof driving around the parking lot, approaching the front of the Hallmark store, and then departing the parking lot.

9. I have confirmed that, until it was repossessed on September 15, 2004, a white van was registered to defendant AMERSON's girlfriend. I have reviewed a photograph of that van, which is white in color and has a raised roof. The van also has a wave-shaped pinstripe along the sides of the van. I have also reviewed defendant AMERSON's parole records. In these records, I observed that, on several occasions, defendant AMERSON requested permission to travel outside the state of New Jersey. In those requests, defendant AMERSON listed as his method of transportation a white Dodge Caravan with New Jersey license plate. A review of Department of Motor Vehicle records reveals that the vehicle bearing this license plate is registered to defendant AMERSON's girlfriend and is the same vehicle that was repossessed in September 2004. Specifically, there is request from defendant AMERSON to parole to travel outside the state using the white van on March 6, 2004, the date of the Caliope robbery

**BodyTalk Robbery**

10. On December 18, 2004, at approximately 6:00 p.m., Body Talk, a store located in Westport, Connecticut, was robbed by an armed robber carrying a gun. Body Talk sells merchandise produced, among other places, outside Connecticut. The robber

entered the store and pointed a black handgun at one of the salespersons, Victim # 6. The robber ordered Victim #6 to put the phone down and give him all of the money. The robber put a white plastic bag on the counter and ordered Victim #6 to put the money in the bag. Victim #6 did as instructed. The robber then ordered Victim #6 and a second salespersons, Victim #7, to the bathroom and told them to remain there for ten minutes. The robber then had one of the victims disconnect the telephone. Before departing, the robber ordered Victim #7 to tell him where the safe was. Victim #7 replied that there was no safe. The robber then grabbed one of Victim #7's breasts and twisted her nipple, causing her great pain. The robber then departed the store. A male waiting outside the store to pick up Victim #6 observed a male (later revealed to be the robber) leaving the store and confronted him. The robber fled toward the getaway vehicle and left. On the ground near the getaway vehicle, law enforcement officers found two business cards. One card was for a law firm in Stroudsberg, PA; the second was for a nail salon in East Stroudsberg, PA. The victims described the getaway driver as a blond female who appeared "worn out." As detailed below, defendant AMERSON's girlfriend resides in East Stroudsberg.

11. Parole records reveal that the defendant currently resides at 37 GENESSEE AVENUE, APT. #3, PATTERSON, NEW JERSEY.

12. I have reviewed the case files and/or spoken with detectives responsible for investigating additional armed robberies in New York, Connecticut and Pennsylvania. In many of these robberies, (i) the robber sexually assaulted one of the store salespersons by twisting her nipple; (2) the robber wore a disguise involving a wig, fake moustache or fake beard; (3) the robber instructed the victims not to make any calls for ten minutes or the robber would shoot the victim; (4) the robber removed the handset from the telephone or disconnected the telephone before departing. Based on the common modus operandi, defendant AMERSON is a suspect in these other robberies and the investigation is continuing with regard to these robberies.

WHEREFORE, I respectfully request that a warrant issue for the arrest of FREDERICK AMERSON so that he may be dealt with according to law.

JAMES MCCARTHY
Special Agent
Federal Bureau of Investigation

Sworn to before me this
_21_ day of January 2005

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK